UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Najhee Shavers,
and other similarly situated individuals,

 Plaintiff (s)

v.

Brothers Bless LLC,
and Temesgen B. Majjamo, individually,

 Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Najhee Shavers and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Brothers Bless LLC and Temesgen B. Majjamo, individually and alleges:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for regular and overtime unpaid wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Najhee Shavers is a resident of Duval County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Brothers Bless LLC (from now on, Brothers Bless, or Defendant) is a Florida corporation, having a business in Duval County, Florida.

4. Individual Defendant Temesgen B. Majjamo is the owner/partner/and manager of Defendant Corporation Brothers Bless. This individual Defendant is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. Defendant Brothers Bless is engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating simultaneously as a gas station, convenience store, and food beverage business. Defendant uses the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

6. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their

daily activities were regularly engaged in interstate commerce by providing services and support to firms and individuals engaged in commerce or the production of goods for commerce. Additionally, Plaintiff routinely handled credit card transactions. Therefore, there is FLSA individual coverage.

7. At times mentioned, individual Defendant Temesgen B. Majjamo was the owner/partner, and he directed Brothers Bless' operations. Defendant Temesgen B. Majjamo was the employer of Plaintiff and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Brothers Bless concerning its employees, including Plaintiff and others similarly situated. Defendant Temesgen B. Majjamo had financial and operational control of the business and provided Plaintiff with her work schedule. He is jointly and severally liable for Plaintiff's damages.

8. All the actions raised in this complaint occurred in Duval County, Florida, within this Court's jurisdiction.

Collective Action Allegations

9. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

10. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for every regular hour worked and overtime hours worked at the rate of time and one-half their regular rate.

11. This action is intended to include every gas station/convenience store employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

12. Plaintiff Najhee Shavers re-adopts every factual allegation stated in paragraphs 1-11 above as if set out in full herein.

13. This cause of action is brought by Plaintiff Najhee Shavers as a collective action to recover from Defendant overtime wages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2022, (the "material time") without being adequately compensated.

14. Defendant Brothers Bless is a Florida corporation that operates a BP gas station and convenience store located at 1451 Dunn Ave. Jacksonville, HL 32218, where Plaintiff worked.

15. Defendants Brothers Bless LLC and Temesgen B. Majjamo employed Plaintiff Najhee Shavers from approximately January 17, 2022, to June 30, 2022, or 23 weeks.

16. Plaintiff was hired as a non-exempted, full-time, hourly gas station and convenience store attendant. Plaintiff was paid a wage rate of $13.00 an hour. Plaintiff's overtime should be $13.00 an hour. Plaintiff's overtime should be $19.50 an hour.

17. During the relevant time of employment with Defendants, Plaintiff had a regular schedule. She worked 6 days weekly, from Monday to Saturday, from 6:00 AM to 4:00 PM (10 hours daily). Thus, Plaintiff worked a total of 60 hours weekly. Plaintiff was unable to take bonafide lunch periods.

18. Plaintiff worked a substantial amount of overtime hours, and she was paid for all her hours, but at her regular rate. Plaintiff was not paid for overtime hours as required by the FLSA.

19. Plaintiff did not clock in and out. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated employees because Plaintiff worked under the supervision of the owner of the business and because she was under constant security cameras surveillance.

20. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate for every hour that he worked in excess

of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiff was paid weekly in cash, without paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

22. The records, if any, concerning the number of hours worked by Plaintiff and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees, upon information and belief. Therefore, the Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

23. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

24. Plaintiff is not in possession of time records, but she will provide a good faith estimate about her unpaid overtime hours.

    *Please note that this amount is based on a preliminary calculation. Therefore, these figures could be subject to modification as discovery could dictate.

a. <u>Total amount of alleged unpaid O/T wages</u>:

   Two Thousand Nine Hundred Ninety Dollars and 00/100 ($2,990.00)

b. <u>Calculation of such wages</u>:

Total period of employment: 23 weeks
Relevant weeks of employment: 23 weeks
Regular rate: $13.00 x 1.5=$19.50 O/T
T/T rate: $19.50-$13.00=$6.50 Half-time
Half-time

$6.50 x 20 O/T hours=$130.00 x 23 weeks=$2,990.00

<u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

25. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay Plaintiff at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

26. Defendants Brothers Bless and Temesgen B. Majjamo knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above, and Plaintiff is entitled to recover double damages.

27. Defendants Brothers Bless and Temesgen B. Majjamo willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.
28. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Najhee Shavers respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Najhee Shavers, and against the Defendants Brothers Bless and Temesgen B. Majjamo based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Najhee Shavers actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Najhee Shavers demands a trial by a jury of all issues triable as a right by a jury.

### **COUNT II:**
### **FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

29. Plaintiff Najhee Shavers re-adopts every factual allegation stated in paragraphs 1-11 of this complaint as if set out in full herein.

30. Plaintiff Najhee Shavers brings this action to recover from the Employer Brothers Bless unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

31. Defendant Brothers Bless was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

32. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

33. the production of goods for commerce, wages at the following rates:

> (1) except as otherwise provided in this section, not less than—
>
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;
>
> (B) $6.55 an hour, beginning 12 months after that 60th day; and

      (C) $7.25 an hour, beginning 24 months after that 60th day

34. Defendants Brothers Bless LLC and Temesgen B. Majjamo employed Plaintiff Najhee Shavers from approximately January 17, 2022, to June 30, 2022, or 23 weeks.

35. Plaintiff was hired as a non-exempted, full-time, hourly gas station and convenience store attendant. Plaintiff was paid a wage rate of $13.00 an hour.

36. During the relevant time of employment with Defendants, Plaintiff had a regular schedule. She worked 6 days per week, a total of 60 hours weekly. Plaintiff was unable to take bonafide lunch periods.

37. Plaintiff did not clock in and out. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated employees because Plaintiff worked under the supervision of the owner of the business and because she was under constant security cameras surveillance.

38. Plaintiff was paid weekly in cash, without paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

39. On or about June 30, 2022, Plaintiff resigned to pursue better employment opportunities.

40. After Plaintiff's resignation, Defendants refused to pay Plaintiff her last week of work.

41. There is a substantial number of hours that were never paid to Plaintiff at any rate, not even at the minimum wage rate, as provided by law.

42. Plaintiff did not clock in and out. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated employees because Plaintiff worked under the supervision of the owner of the business and because she was under constant security cameras surveillance.

43. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

44. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

46. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable good faith estimate of unpaid wages is as follows:

    * Florida's minimum wage for 2022 is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Six Hundred Dollars and 00/100 ($600.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 23 weeks
       Total unpaid weeks:  1 week
       Total number of hours worked:  60 hours weekly
       Total number of unpaid hours: 60 hours weekly
       Regular rate:  $13.00
       FL Minimum wage rate 2022: $10.00

       $10.00 x 60 unpaid regular hours=$600.00 weekly x 1 week=$600.00

    c. <u>Nature of wages</u>:

       This amount represents unpaid min. wages at the Florida minimum wage rate.

47. Defendants unlawfully failed to pay Plaintiff Najhee Shavers minimum wages, as provided by the Fair Labor Standards Act.

48. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these

minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

49. Defendants Brothers Bless and Temesgen B. Majjamo willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

50. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Najhee Shavers and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Najhee Shavers, and against the Defendants Brothers Bless and Temesgen B. Majjamo based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff Najhee Shavers actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff Najhee Shavers an equal amount in double damages/liquidated damages; and

D. Award Plaintiff Najhee Shavers reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Najhee Shavers and those similarly situated demands trial by a jury of all issues triable as a right by a jury.

Date:  October 7, 2022

                        Respectfully submitted,

                        By:  **/s/ Zandro E. Palma**
                        ZANDRO E. PALMA, P.A.
                        Florida Bar No.: 0024031
                        9100 S. Dadeland Blvd.
                        Suite 1500
                        Miami, FL 33156
                        Telephone:      (305) 446-1500
                        Facsimile:       (305) 446-1502
                        zep@thepalmalawgroup.com
                        *Attorney for Plaintiff*