UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NAJHEE SHAVERS, etc.,

    Plaintiff,

v.                                                                                    CASE NO. 3:22-cv-1088-JBT

BROTHERS BLESS LLC, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice ("Motion") (Doc. 28) and the Full Waiver of All Claims, General Release, and Confidential Settlement Agreement ("Settlement Agreement") (Doc. 28-1). For the reasons set forth herein, the Motion is due to be **DENIED without prejudice**. **On or before August 30, 2023**, the parties shall file a new motion and a revised settlement agreement in accordance with this Order.

The Motion seeks approval of the Settlement Agreement. However, the Settlement Agreement, which was filed on the public docket, contains confidentiality and non-disparagement provisions. (Doc. 28-1 at 7–8.) "[C]ourts routinely decline to approve settlement agreements in FLSA actions that contain provisions that serve to prevent the spread of information about FLSA actions to other workers . . . who [could] then use that information to vindicate their own

statutory rights." *Zapata v. Bedoya*, Case No. 14-CV-4114 (SIL), 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016) (quotations omitted). Thus, such clauses are generally considered unreasonable and unenforceable in the context of an FLSA case. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010) ("The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."); *DeGraff v. SMA Behavioral Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1330 (M.D. Fla. 2013) ("Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit Plaintiff's rights under the First Amendment."); *Zapata*, 2016 WL 4991594, at *2 ("[B]oth the non-solicitation provision and non-disparagement provision contained in the Settlement Agreement are contrary to the policy concerns underlying the FLSA.").[1] Therefore, the confidentiality and non-disparagement provisions (Doc. 28-1 at 7–8), and any other related references to those provisions, should be removed from the Settlement Agreement.

---

[1] Additionally, the filing of an FLSA settlement agreement on the public docket generally renders any confidentiality provision unenforceable. *See DeGraff*, 945 F. Supp. 2d at 1330 ("[T]he confidentiality provision [in the FLSA settlement agreement] is, at least in part, unenforceable due to the public filing of the agreement."). Moreover, for the reasons stated above, and in accordance with Local Rule 1.11(e), sealing of the Agreement is not an option.

2

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 28**) is **DENIED without prejudice**.

2. **On or before August 30, 2023**, the parties shall file a new motion and a revised settlement agreement in accordance with this Order.

**DONE AND ORDERED** in Jacksonville, Florida, on August 9, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record